[No. D012652. Fourth Dist., Div. One. May 21, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS RENTERIA et al., Defendants and Appellants.

[No. D014970. Fourth Dist., Div. One. May 21, 1992.]

In re JOSEPH MIRANDA on Habeas Corpus.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts IB, IIA, IIC and IID.

COUNSEL

Richard Jay Moller and Peter W. Cowan, under appointments by the Court of Appeal, for Defendants and Appellants and for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HUFFMAN, J.**—Carlos Renteria and Joseph Miranda separately appeal from their jury convictions, court trial findings, and sentences for first

degree residential burglary (Pen. Code,[2] §§ 459/460) with prior prison terms and prior serious felony conviction enhancements. Miranda has also filed a petition for writ of habeas corpus which has been consolidated for disposition with this appeal.

Renteria contends there is insufficient evidence to support the trial court's findings of a serious felony prior within the meaning of section 667, subdivision (a) and a prison prior within the meaning of section 667.5, subdivision (b). He also asserts the court imposed an unauthorized sentence of five years for the prison prior.

Miranda likewise claims there is insufficient evidence to support the prior serious felony and prison prior findings. In addition he contends the court committed numerous prejudicial jury instructional errors, abused its discretion in ruling on the use of his prior conviction for impeachment purposes and in failing to "sanitize" his prior in violation of his rights to equal protection, and in its failure to consider him for federal placement under section 1170.9 at the time of sentencing. His petition for habeas corpus relief restates his contentions concerning the use of his prior for impeachment, adding materials outside the record on appeal.

Renteria's motion to belatedly join in Miranda's arguments on appeal was granted to the extent they may apply to him.

Having reviewed the record in this case, we conclude none of the contentions have merit. Accordingly, we affirm the judgments and deny Miranda's petition for a writ.

I

PROCEDURAL AND FACTUAL HISTORY

A

*Before the Second Trial*

On January 2, 1990, San Diego police officers stopped Renteria and Miranda in an older model green Chevrolet, in the company of another man, after a residential burglary had been reported and the license plate number

---

[2]All statutory references are to the Penal Code unless otherwise specified.

and a description of the car and its occupants, allegedly involved in the burglary, had been transmitted over the police radio dispatch. Shortly after being stopped, two witnesses identified the three men in the car as the ones involved in the burglary. At the time of arrest, Renteria said his name was "Carlos Arturo Juarez."

After some investigation, all three men were charged with residential burglary. In addition, Renteria and the third man were charged with falsely representing themselves to a peace officer in violation of section 148.9, subdivision (a). The third man was further charged with assault with a deadly weapon and with force likely to produce great bodily injury (§ 245, subd. (a)(1)), and with the use of a deadly weapon (§ 1192.7, subd. (c)(23)). Miranda was separately alleged to have used a controlled substance in violation of Health and Safety Code section 11550.

In addition, both Renteria and Miranda were alleged to have suffered a prior prison term and a serious felony conviction: Renteria for a first degree burglary conviction in 1984; and Miranda for a rape conviction in 1981.

On March 28, 1990, jury trial against the three began. At that time, the court granted a defense motion to bifurcate the issue of the priors as to all defendants and granted the prosecution's motion to dismiss the drug count against Miranda. When Miranda testified, the court determined his rape prior would be "sanitized" to assaultive behavior for purposes of impeaching his testimony.

On April 10, 1990, the jury found the third man guilty of the burglary and of giving false identification, and the court granted motions for mistrial for Renteria and Miranda because the jury was unable to reach a verdict as to them.

On May 29, 1990, *in limine* motions for the retrial of Renteria and Miranda were heard. The court again granted the defense motion to bifurcate the prior conviction allegations. It also determined Miranda's 1981 rape conviction and Renteria's 1984 felony theft ("sanitized" for burglary) could be used for purposes of impeachment should either respectively testify during trial.

The court also determined mention of Renteria's escape from the South-bay Detention Center in Chula Vista two months after his arrest, but before the first trial, would be admissible for the limited purpose of showing "a

matter of consciousness of guilt" as to his flight. The court additionally accepted the parties' stipulation the jury would be advised about the third person who had already been convicted of the underlying crime of burglary in this case and would be shown his photograph and fingerprints which were found at the scene of the crime.

## B

### *The Second Trial\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II

### DISCUSSION

We review each of Renteria's and Miranda's contentions on appeal separately and address Miranda's petition for habeas relief within his corresponding argument on direct appeal.

## A

### *Prior Prison and Conviction Enhancements\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## B

### *Prior Conviction for Impeachment*

Miranda and Renteria contend their convictions must be reversed because the trial court ruled their respective prior convictions could be used for impeachment purposes should they testify. Miranda[4] also asserts the trial court's ruling his 1981 rape conviction could be used for impeachment denied him equal protection of the laws by not "sanitizing" that prior. These arguments fail.

---

\*See footnote, *ante*, page 1076.

[4]Since the trial court did "sanitize" Renteria's prior, Miranda's equal protection claim does not apply to Renteria.

The law of the land is clear: "[t]o raise and preserve for review the claim for improper impeachment with a prior conviction, a defendant must testify." (*Luce* v. *United States* (1984) 469 U.S. 38, 43 [83 L.Ed.2d 443, 448-449, 105 S.Ct. 460].) In *People* v. *Collins* (1986) 42 Cal.3d 378, 385 [228 Cal.Rptr. 899, 722 P.2d 173], our Supreme Court adopted this rule "as a judicially declared rule of criminal procedure in California."

Since neither Miranda nor Renteria testified in the trial resulting in their convictions, they are precluded from raising the impeachment issues on appeal. (*People* v. *Collins, supra,* 42 Cal.3d at p. 385.) Miranda's attempt to circumvent this rule by filing a petition for a writ of habeas corpus making the same arguments as in his appeal and attaching a record of his testimony from the first trial in which a mistrial was declared also fails.

Because he testified in his first trial, Miranda claims the *Luce-Collins* rule should not apply. He argues the *Luce-Collins* rule only precludes review because of the difficulty in knowing the nature of a defendant's testimony. He asserts this court can review his testimony in the first trial to determine the precise nature of what his testimony would have been in this second trial had he testified. With this testimony available, via his petition for writ of habeas corpus,[5] he argues we can determine the prejudice to him caused by the trial court's ruling in this case not to "sanitize" his rape conviction, which he claims on appeal prevented him from testifying and fully presenting his defense.

Miranda, however, fails to recognize his conviction rests solely on the evidence presented to the jury at his second trial, and not on what was presented in the first trial. The evidence presented at the first trial is totally irrelevant to any review of the record in this case for the purposes of assessing abuse of trial court discretion in its ruling to allow him to be impeached by his 1981 rape prior. This is especially true since he did not present such testimony to the trial court for its review of his motion in the first instance.

The *Luce-Collins* rule was adopted out of concern that "[a] reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." (*Luce* v. *United States, supra,* 469 U.S. at p. 41 [83 L.Ed.2d at p. 447].) Where, as here, no factual context was even presented to the trial court for the benefit of its exercise of discretion in

---

[5]While this case was being briefed on appeal, we denied Miranda's motions to augment the record with a transcript of his testimony at the first trial, or for judicial notice. His subsequent motion for a rehearing on that denial and petition of review to the Supreme Court of that denial were also denied.

balancing the probative value versus the prejudicial effect of the prior conviction under Evidence Code section 352, we decline to fashion an exception to the *Luce-Collins* rule.

Moreover, even if Miranda's testimony from the first trial were to be considered as an offer of proof for his testimony in the second trial, as *Luce* and *Collins* both point out " 'his trial testimony could, for any number of reasons, differ from the proffer.' [Citation.]" (*People v. Collins, supra,* 42 Cal.3d at p. 384 citing *Luce v. United States, supra,* 469 U.S. at p. 41, fn. 5 [83 L.Ed.2d at p. 447].) Further, "the trial court has discretion to make a different ruling as the evidence unfolds." (*People v. Collins, supra,* at p. 384.) Any conclusion concerning prejudice in the court's ruling on review would thus be "wholly speculative." (*Ibid.*)

Miranda has not submitted a declaration with his petition stating he would have testified in his second trial, or stating he would in fact have said the same things he testified to in the first trial. Nor is there any indication the prosecution would have impeached Miranda if he had testified.

The record merely reflects that at the time of the *in limine* motions during the second trial, Miranda did not strenuously argue for "sanitizing" of his 1981 prior rape conviction or argue his decision not to testify would be based in any way upon the court's determination. He did not make any offer of proof as to what his testimony would be if he were to testify. The court properly weighed Miranda's sole objection to the use of his prior, remoteness, and found the prior could be used for impeachment purpose. Miranda did not again raise the issue after the prosecution case or during his defense.

Not only is his attempt to argue around the *Luce-Collins* rule thus unfounded, Miranda's argument he was denied equal protection of the law because the trial judge ruled to sanitize Renteria's prior and not his is specious.

Again the *Luce-Collins* rule precludes review. In addition, Miranda's prior is for a different offense than that of Renteria. Therefore, Miranda is not similarly situated and cannot state a claim for equal protection violation. Nor has he shown a prima facie case entitling him to habeas corpus relief.

C, D*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1076.

## III

### DISPOSITION

The judgments and sentences are affirmed. Miranda's petition for habeas corpus relief is denied.

Wiener, Acting P. J., and Benke, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 12, 1992.